NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SACRAMENTO MUNICIPAL UTILITY DISTRICT; et al., <br><br> Petitioners, <br><br> PUGET SOUND ENERGY INC; et al., <br><br> Intervenors-Pending, <br><br> v. <br><br> BONNEVILLE POWER ADMINISTRATION, <br><br> Respondent. | No. 18-71753 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Bonneville Power Administration

Argued and submitted June 7, 2019[**]
Portland, Oregon

Before: MURGUIA and HURWITZ, Circuit Judges, and GAITAN,[**] District Judge.

The Sacramento Municipal Utility District, Transmission Agency of Northern

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri, sitting by designation.

California, and Turlock Irrigation District petition for review of a ratemaking order of the Bonneville Power Administration ("BPA") for fiscal years 2018 and 2019 ("BP-18"). In BP-18, the BPA raised the hourly rate for transmission service on the Southern Intertie, a system of power lines operated by the agency. We have jurisdiction under 16 U.S.C. § 839f(e)(5) and (e)(1)(G), and we deny the petition.

1. Substantial evidence supports the BPA's decision to raise the hourly rate to incentivize the purchase of long-term firm ("LTF") transmission service, which provides a more reliable and predictable source of income than hourly service. *See* 16 U.S.C. § 839f(e)(2); *see also Cent. Lincoln Peoples' Util. Dist. v. Johnson*, 735 F.2d 1101, 1122 (9th Cir. 1984) (noting that the BPA can design rates "to give BPA customers price signals"). Citing the number of LTF contracts up for renewal and the decrease in the queue of new requests for service, the BPA reasonably concluded that it faced a risk of LTF non-renewals. The agency reasonably determined that in the absence of an increase in the hourly rate, its customers were less likely to renew LTF service, in part because of increases in solar generating capacity in California and seams issues between the Southern Intertie and neighboring markets. In so concluding, the BPA cited independent research showing that the number of peak hours for transmission had declined, and comments from LTF customers considering nonrenewal of their contracts.

2. The BPA did not arbitrarily and capriciously depart from a 2016

2

ratemaking decision ("BP-16").  *See* 16 U.S.C. § 839f(e)(2); *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515–16 (2009).  In BP-16, the BPA declined to adopt a proposal to increase the hourly rate, concluding that additional research was required.  After gathering that evidence and considering non-rate alternatives, the BPA adopted a different rate solution than proposed in the prior ratemaking.

3.  The BPA did not arbitrarily and capriciously depart from any relevant non-discrimination or cost-based rate setting principles.  By incentivizing LTF service, the revised rate for hourly service in BP-18 complies with the BPA's statutory mandate to recover its costs.  16 U.S.C. § 839e(a)(1).  No undue discrimination standard applies here, because the Federal Energy Regulatory Commission ("FERC") did not order the BPA "to provide transmission service" on the Southern Intertie under 16 U.S.C. §§ 824i, 824j, or 824*l*.  *Id.* § 824k(i).  Nor does FERC Order No. 888 apply; the BPA agreed to follow that order only in relation to the terms and conditions of transmission service, not transmission rates.

4.  The petitioners failed to exhaust their contention that BP-18 violates 16 U.S.C. § 838g by failing to provide "the lowest possible rates to consumers consistent with sound business principles."  Therefore, even assuming the argument is subject in general to judicial review, we decline to address it here. *See Marathon Oil Co. v. United States*, 807 F.2d 759, 767–68 (9th Cir. 1986).

**PETITION DENIED.**